**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELLY GRINK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUA HEALTH, INC., *et al*,<br><br>Defendants. | Case No. 1:24-cv-09919-CPO-AMD |

**PLAINTIFFS' FIRST NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs Kelly Grink, Diane Trump, and Steven Molnar ("Plaintiffs"), by and through their undersigned counsel, submit this First Notice of Supplemental Authority in Further Support of Their Opposition to Defendants' Motion to Dismiss ("Notice").

The attached opinions concern pleading standards under the Employee Retirement Income Security Act of 1974 ("ERISA") for fiduciary-breach and prohibited-transaction claims, and, specifically, challenges to stable value funds ("SVFs"), underperforming investments, and excessive recordkeeping fees, as in the instant case. Collectively, these decisions include three district court opinions—two from courts within this Circuit—and two appellate court decisions. These decisions

are relevant to Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF No. 93 ("Opposition"), filed April 13, 2026.

Most notably, *Muldoon v. Penn State Health,* No. 1:25-cv-01181, 2026 WL 2594498 (M.D. Pa. Sept. 2, 2026) (Exhibit 1), is directly on point. Applying Third Circuit precedent, the court denied dismissal of the participant's derivative claims and discussed the pleading standard governing duty of prudence and prohibited transactions in a case challenging a general account SVF, like the SVF here, and excessive recordkeeping fees. *See* 2026 WL 2594498, at **10 & n.3, 11. Judge Mehalchick rejected the defendants' argument that the plaintiff had failed to identify sufficiently comparable alternatives to the challenged general account GIC, concluding that such objections were "in essence, factual challenges that the Court cannot assess at this early stage" and that plaintiffs are not required to identify "perfect" comparators before discovery. *Id.* at *11 (quoting *Mator v. Wesco Distribution, Inc*., 102 F.4th 172, 188 (3d Cir. 2024)). On that basis, the court sustained both the imprudence and the prohibited-transaction claims, accepting as true allegations that the fiduciaries retained a GIC that "year after year" significantly underperformed available alternatives while paying that same provider above-average recordkeeping costs. *Id.*

Likewise, *In re Cigna ERISA Litigation*, No. 25-cv-2465, 2026 WL 1398620 (E.D. Pa. May 19, 2026) (Exhibit 2), is another case applying Third Circuit precedent

in evaluating claims challenging a plan's stable value fund. There, participants alleged that the fund underperformed comparable stable value funds, and the fiduciaries moved to dismiss on the ground that plaintiffs had failed to allege meaningful benchmarks. 2026 WL 1398620, at *2-3. Judge Younge rejected that argument, explaining that the Third Circuit has not required plaintiffs to plead meaningful benchmarks as a prerequisite to stating an imprudence claim and that disputes regarding the similarities and differences between comparator investments present factual issues inappropriate for resolution on a motion to dismiss. *Id.* at *3. The court therefore denied the motion to dismiss, including as to the duty-of-loyalty, anti-inurement, and prohibited-transaction claims, finding it premature to credit fiduciaries' competing factual assertions before discovery. *Id.* at *1, *4-5.

Similarly, in *Halamek v. Philips North America LLC*, No. 25-cv-12003, 2026 WL 2620864 (D. Mass. Sept. 4, 2026) (Exhibit 3), the court denied the motion to dismiss in full. Judge Saylor rejected the defendants' argument that the plaintiffs had failed to identify meaningful comparator SVFs or demonstrate consistent and substantial underperformance, holding that the dispute "involves a question of fact that the Court cannot resolve at this stage." *Halamek*, slip op. at 6. The court further concluded that allegations identifying specific actions the fiduciaries should have taken, including soliciting proposals from competing stable value providers and negotiating a higher crediting rate, were sufficient to state a claim notwithstanding

circuit precedent recognizing that an investment is not imprudent merely because it is "too conservative." *Id.*

Together, these three decisions considered the meaningful benchmark standard for comparing investments, a central dispute in the instant case. *See* Opposition at 16-22.

Lastly, the recent 11th Circuit decision, *Johnson v. Russell Inv. Mgmt., LLC*, No. 25-10692, 2026 WL 2387006, at *5 (11th Cir. Aug. 17, 2026) (Exhibit 4), is relevant to the parties' disputes regarding the significance of investment underperformance and meaningful benchmarks, opining that an ERISA plaintiff need not identify an apples-to-apples comparison to establish objective imprudence in every case. *Id.*; Opposition at 18-19.

For the reasons stated in Plaintiffs' Opposition, as further supported by these recent, analogous authorities, Plaintiffs respectfully request that Defendants' Motion to Dismiss be denied.

Date: September 14, 2026

*/s/Alexandra K. Piazza*
Alexandra K. Piazza (No. 010922013)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel.: (215) 875-3000
Fax: (215) 875-4620
apiazza@bergermontague.com

Shanon Carson (*pro hac vice*)
Natalie Lesser (No. 017882010)
Olivia Lanctot (No. 415612023)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4620
scarson@bergermontague.com
nlesser@bergermontague.com
olanctot@bergermontague.com

Eric Lechtzin (No. 011841992)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Tel.: (215) 867-2399
elechtzin@edelson-law.com

Mark K. Svensson (No. 380202021)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel.: (516) 491-4665
msvensson@milberg.com

Alexandr Rudenco*
**MILBERG, PLLC**
800 Gay St., Suite 1100
Knoxville, TN 37929
Tel.: (865) 263-8384
arudenco@milberg.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, September 14, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document is available for viewing and downloading.

*/s/Alexandra K. Piazza*
Alexandra K. Piazza