**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELLY GRINK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUA HEALTH, INC., *et al.*,<br><br>Defendants. | Case No. 1:24-cv-09919 |

**DEFENDANTS' RESPONSE IN OPPOSITION**
**TO PLAINTIFFS' FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Response in Opposition to Plaintiffs' First Notice of Supplemental Authority, filed on September 14, 2026 (Dkt. 104). In their Notice, Plaintiffs ask this Court to abandon the approach in its prior Opinion in this case (the "Opinion"), which requires Plaintiffs to plead meaningful benchmarks for funds they challenge as imprudently included in Defendants' retirement plans. But none of the decisions cited by Plaintiffs—three unpublished district court opinions from outside New Jersey and one inapposite Eleventh Circuit decision—warrants that result.

Plaintiffs' cited district court opinions rely upon three Third Circuit cases that actually support the benchmark approach adopted in the Opinion: *Mator v. Wesco Distribution, Inc.*, 102 F.4th 172 (3d Cir. 2024); *Sweda v. University of Pennsylvania*, 923 F.3d 320 (3d Cir. 2019); and *Kruchten v. Ricoh USA, Inc.*, 2024 WL 3518308 (3d Cir. July 24, 2024). In fact, the Court based its approach explicitly on one of those decisions. *See Grink v. Virtua Health, Inc.*, 812 F. Supp. 3d 434, 452 (D.N.J. 2025) (quoting *Mator*, 102 F.4th at 188, for the proposition that "[b]enchmarks must be 'specific' and 'sufficiently similar to render the comparisons valid'"). And other courts in this District have explained that the *Sweda* decision endorsed the meaningful-benchmark analysis "at the motion to dismiss stage" by "explicitly stat[ing] that 'risk

profiles, investment strategies, and associated fees . . . are highly relevant and readily ascertainable facts against which the plausibility of claims . . . should be measured.'" *Jacobs v. Hackensack Meridian Health,* 2026 WL 710229, at *10 (D.N.J. Mar. 13, 2026) (quoting *Sweda*, 923 F.3d at 330); *see also Seibert v. Nokia of Am. Corp.*, 2023 WL 5035026, at *6 (D.N.J. Aug. 8, 2023) (detailing the meaningful-benchmark holding in *Sweda*, which required showing that the fees paid were "higher than those paid by similar plans for the same services"); *McCaffree Fin. Corp. v. ADP, Inc.*, 2023 WL 2728787, at *14 (D.N.J. Mar. 31, 2023) (*Sweda*, 923 F.3d at 330–32, requires "'specific comparisons' to show that the 'practices of similarly situated fiduciaries' for the 'same services' differed").[1]

The Third Circuit decisions in *Mator*, *Sweda*, and *Kruchten* confirm that the Court should evaluate Plaintiffs' benchmark allegations at the motion to dismiss stage exactly as it did in the Opinion. Unpublished district court decisions like those Plaintiffs cite—none of which includes a detailed benchmark analysis[2]—cannot mandate a different approach.

To the contrary, courts within this District routinely perform the meaningful-benchmark analysis at the motion to dismiss stage. *See, e.g.*, *Tedford v. Equitable Fin. Life Ins. Co.*, 2026 WL 1398640, at *4–5 (D.N.J. May 19, 2026) (dismissing claim where plaintiff listed fifteen comparator stable value funds and their crediting rates, because "greater analysis" of the

---

[1] *Kruchten* is a non-precedential opinion that relies on *Mator* and *Sweda*, which allowed a claim to proceed because plaintiffs had "established a meaningful benchmark to allege plausibly that Plan fees were excessive" by identifying similarly sized plans that paid lower fees to recordkeepers of like-quality for the exact same services, as confirmed by matching the various plans' Form 5500 service codes. 2024 WL 3518308, at *3–4.

[2] *Muldoon v. Penn State Health*, 2026 WL 2594498 (M.D. Pa. Sept. 2, 2026); *In re Cigna ERISA Litigation*, 2026 WL 1398620 (E.D. Pa. May 19, 2026); *Halamek v. Philips North America LLC*, 2026 WL 2620864 (D. Mass. Sept. 4, 2026). Additionally, each of these cases involves allegations that fiduciaries diverted forfeited employee contributions to offset employer costs, which are not at issue here.

comparators' "specific characteristics and plan goals is necessary for the Court to determine they are 'sufficiently similar' for the purpose of being 'meaningful benchmarks' supporting an inference of imprudence"); *Fumich v. Novo Nordisk Inc.*, 2026 WL 1816026, at *6 (D.N.J. June 24, 2026) (rejecting comparators that shared broad characteristics with challenged funds, reasoning that otherwise "almost every" fund in a category would be a meaningful benchmark "regardless of any other differences in the funds"); *Jacobs*, 2026 WL 710229, at *10–12 ("Plaintiffs' assertions that . . . disagreements over fund comparators are not up for consideration at the motion to dismiss stage amount to an overgeneralized and inaccurate portrayal of Third Circuit law."); *Seibert*, 2023 WL 5035026, at *5–6.[3]

The remaining case cited in the Notice, *Johnson v. Russell Investment Management, LLC*, 2026 WL 2387006 (11th Cir. Aug. 17, 2026), is irrelevant to Defendants' motion to dismiss. *Johnson* involved a summary judgment record with damning evidence—the challenged funds "never had more than 12 clients," carried a negative Morningstar rating, and executives acknowledged the funds had "worse numbers and higher fees." *Id.* at *2–3. No comparable allegations exist here.

In sum, Plaintiffs' Notice is simply another attempt to challenge the Opinion, despite the prevalence of Third Circuit and District of New Jersey authority confirming this Court's meaningful-benchmark approach. Under the applicable law, as explained in Defendants' Opening and Reply briefs, Defendants' partial motion to dismiss should be granted.

[3] To the extent the Court looks beyond this District, courts across the country analyze benchmarks at the motion to dismiss stage. *See, e.g.*, *Kring v. Jeld Wen Holdings, Inc.*, 2026 WL 2454345, at *6 (N.D. Ill. Aug. 21, 2026); *Hodges v. Washington Reg'l Med. Sys.*, 2026 WL 2296091, at *2 (W.D. Ark. Aug. 10, 2026); *Scholin v. Digi Key Corp.*, 2026 WL 2234404, at *2 (D. Minn. Aug. 3, 2026); *Enstrom v. SAS Inst. Inc.*, 2026 WL 459258, at *5 (E.D.N.C. Feb. 12, 2026).

Dated: September 16, 2026

Respectfully submitted,

/s/ *Edward D. Rogers*

Edward D. Rogers, Esq. (No. 054251994)
rogerse@ballardspahr.com
Heath Khan, Esq. (*pro hac vice*)
khanh@ballardspahr.com
Elizabeth Lilly, Esq. (*pro hac vice*)
lillye@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

*Attorneys for Defendants*